C. M. SHAW v. LOUISA FLETCHER, an infant, by John Fletcher, her next friend

188 So. 135.
Division B.
Opinion Filed March 17, 1939.
Rehearing Denied May 4, 1939.

520

*E. K. McIrath, John L. Nixon* and *Robert H. Anderson,* for Plaintiff in Error;

*Edwin M. Clarke* and *Jennings & Watts,* for Defendant in Error.

WHITFIELD, P. J.—The declaration herein, in three counts, in effect alleges that the defendant, C. M. Shaw, in December, 1936, did have carnal intercourse with the plaintiff, Louisa Fletcher, who at the time was unmarried and was of the age of fifteen years; that prior to defendant's said act plaintiff was of chaste character; that by reason of the said wrongful act of the defendant, the plaintiff became pregnant, and thereby plaintiff has suffered and will continue to suffer permanently great mental and physical pain and anguish, and her health has been impaired and will continue to be during the period of her pregnancy and thereafter, and the plaintiff has suffered and will continue to suffer through-

out her lifetime great humiliation and embarrassment, and her social status will be lost; that plaintiff will be obliged to maintain, support and educate her bastard child to be born as the result of the foregoing wrongful act of the defendant, until said child becomes of the age of twenty-one years; that by reason of the aforesaid wrongful act of the defendant, the plaintiff is entitled to recover from him punitive or exemplary damages; that all of the aforesaid damages are proximate result of the defendant's said wrongful act.

The second count alleges that the defendant "did make an indecent assault upon the plaintiff and did then and there debauch, ravish, rape and carnally know the plaintiff, Louisa Fletcher" and contains other allegations similar to those in the first count.

The amended third count alleges that the defendant "did wilfully, violently and forcibly make an indecent assault upon the plaintiff and did then and there debauch, ravish, rape and carnally know the plaintiff, Louisa Fletcher, all of which the defendant did against the will of the plaintiff," with other allegations similar to those in the first and second counts, concluding with: "Wherefore, the plaintiff claims damages against the defendant in the amount of Twenty-five Thousand dollars. * * * "

Trial was had on a plea of not guilty. Verdict and judgment were rendered awarding $4,000.00 damages to the plaintiff, and defendant took writ of error.

Fifty-one errors are assigned and there are nine "statements of questions involved" set out in the brief for plaintiff in error. The action is for a tort committed by the defendant on the person of the plaintiff.

"A female upon whom a rape is committed may maintain an action to recover damages for the injury sustained, the right of action not being merged in the felony; and an action

for loss of services may be maintained by the father or master of the female." 52 C. J. 1131.

"Illicit intercourse with a female below the age of consent fixed by a statute punishing carnal knowledge with such females is a civil tort to which she cannot consent, and to which she cannot be *in pari delicto*."

52 C. J. 1132. See Gaither v. Meacham, 214 Ala. 343, 108 So. 2.

A tort denotes an injury inflicted otherwise than by a mere breach of contract. It must be a wrong which the law redresses, not a mere infraction of good morals. 28 Am. & Eng. Enc. of Law, pp. 253-4.

"Although the same act may constitute both a crime and a tort, the crime is an offense against the public pursued by the sovereign, while the tort is a private injury which is" redressed at the suit of "the injured party." 14 Am. Juris. 755.

The statutes of Florida contain the following:

"Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death or by imprisonment in the State prison for life." Sec. 7153 C G. L.

"Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of eighteen years, shall be punished by imprisonment in the State penitentiary not more than ten years, or, by fine not exceeding two thousand dollars, or both." Sec. 7552 C. G. L.

In this case a cause of action is alleged and the evidence is a substantial and legal basis for the verdict and judgment as rendered. It is shown that the plaintiff is a negro girl who was under eighteen years of age at the time alleged, was of

previous chaste character, and was employed by the defendant, a negro undertaker, in his business house; that he committed the unlawful act as alleged by his superior physical force and against her will. Injuries to her person by the defendant's conduct, and consequent humiliation, pain and suffering of the plaintiff as alleged are shown in evidence. It is not necessary to discuss in detail the nature and probative force of the evidence in a case like this, where no harmful error of law or procedure is made to appear. On this record right and justice have been administered by due course of law as required by Section 4 of the Declaration of Rights of the Florida Constitution and by the provisions and principles of law applicable to the case. If plaintiff enters a remittitur of $500 the judgment will stand affirmed for the remainder of the judgment, otherwise the judgment will stand reversed for a new trial.

Affirmed.

BROWN, and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

Justices BUFORD and THOMAS, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.