168 So.2d 678 (1964)
Josephine ROSENBERG, Appellant,
v.
RYDER LEASING, INC., a Delaware corporation, Appellee.
No. 64-263.
District Court of Appeal of Florida. Third District.
November 10, 1964.
Jay M. Lurie, Miami, for appellant.
Charles J. Crowder, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
Appellant-plaintiff appeals from the dismissal of her complaint by the Circuit Court for failure to state a cause of action.
Appellant, in her complaint, sought to recover compensatory and punitive damages *679 from the appellee for its violation of §§ 818.01 and 818.03, Fla. Stat., F.S.A.[1] Specifically, appellant charged appellee with removing from Dade County and disposing of a ten foot power brake on which appellant held a first mortgage. Upon appellee's motion, the trial court dismissed the complaint for failure to state a cause of action, evidently based upon the theory that no civil remedy is available to an injured party for violation of this penal statute.
At the outset, it should be pointed out that the appellant had no action for conversion, because at the time of the act of which she complained, she, as a mortgagee, had no present right to possession. The present right to possession is an indispensable element of the tort of conversion.[2] Accordingly, the appellant's complaint may only stand if she has a right of recovery by virtue of being the person who was injured by appellee's violation of the penal statutes, §§ 818.01 and 818.03 Fla. Stat., F.S.A.
This presents an interesting question for our determination. Our research only reveals two previous Florida cases even remotely dealing with the subject. In Williams v. Dickenson, 28 Fla. 90, 9 So. 847 (1891), the plaintiff's action was for hiring someone to burn down his property. The issue before the Supreme Court was whether the plaintiff's action must be held in abeyance until such time as criminal proceedings were instituted. The court rejected this argument, saying:
"The civil and the criminal prosecution may therefore go on pari passu, or the one may precede or succeed the other; or, if the criminal prosecution is never commenced at all, the failure to seek public justice is no bar to the private remedy." 9 So. at 849.
The court never discussed the question presently before us, but in order to reach their result it was first necessary to decide that the commission of the criminal act (arson) was recompensable civilly. The Williams case, however, is limited in its *680 precedential value to us, in that, the tortious activity was recognized as such, and not dependent upon the statute (arson) for the creation of the plaintiff's remedy.
In Shaw v. Fletcher, 137 Fla. 519, 188 So. 135 (1939) the plaintiff was raped by the defendant; she instituted the action to recover damages.
The court held:
"`Although the same act may constitute both a crime and a tort, the crime is an offense against the public pursued by the sovereign, while the tort is a private injury which is' redressed at the suit of `the injured party.'" 188 So. at 136.
In order to determine whether a criminal statute affords civil relief, the courts have adopted a sort of foreseeable test, similar to negligence cases.[3]
"Where a statute, though penal in character, plainly imposes a duty for the benefit of a class of individuals, a right of action accrues to a person of such class injured through breach of the duty." Donaldson v. Tucson Gas, Elec. Light & Power Co., 14 F. Supp. 246, 247 (D.C.Ariz. 1935).
A reading of the statutes, here involved, readily demonstrates that appellant was that person which, in the contemplation of the legislature, the statute sought to protect. The statutory duty imposed upon appellee was not to remove the property subject to mortgage from Dade County without the prior written consent of the mortgagee, nor sell or otherwise injure the mortgagee's proprietory interest.
By the allegations of the complaint, appellee is clearly charged with breaching the duty owed to appellant. The cause of action arises by virtue of the duty created by the statute.[4]
Inasmuch as, it is our opinion that a cause of action arose by virtue of the statute, the complaint stated a cause of action by alleging that the defendant violated that statute.
We must now deal with the question of whether the appellant's complaint is sufficient to sustain his request for punitive damages.
"Punitive or exemplary damages is an amount allowed over and above actual or compensatory damages. Its allowance depends on malice, moral turpitude, wantonness, or the outrageousness of the tort and is awarded as a deterrent to others inclined to commit a like offense." Dr. P. Phillips & Sons v. Kilgore, 152 Fla. 578, 12 So.2d 465, 467, (1943).
Since the statute claimed to be violated, requires as an element of the crime, "intent to defeat, hinder or delay" the lien of the lienee, then the complaint is sufficient to entitle plaintiff to punitive damages upon sufficient proof. We are simply passing upon the sufficiency of the allegations of the complaint. This is not to say that appellee may not have a perfectly valid defense to appellant's claim to damages.[5]
Accordingly, the judgment appealed is reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] "818.01 Disposing of personal property under lien, etc. Whoever shall pledge, mortgage, sell, or otherwise dispose of any personal property to him belonging, or which shall be in his possession, and which shall be subject to any written lien, or which shall be subject to any statutory lien, whether written or not, or which shall be the subject of any written conditional sale contract under which the title is retained by the vendor, without the written consent of the person holding such lien, or retaining such title; and whoever shall remove or cause to be removed beyond the limits of the county where such lien was created or such conditional sale contract was entered into, any such property, without the consent aforesaid, or shall hide, conceal or transfer, such property with intent to defeat, hinder or delay the enforcement of such lien, or the recovery of such property by the vendor, shall be punished by a fine not exceeding five hundred dollars, or by imprisonment not exceeding one year.

"It shall be prima facie evidence of concealing, selling, or disposing of such personal property whenever the person owning the property at the time the lien was created, or who bought the same under such retained title contract, fails or refuses to produce such property for inspection within the county where the lien was created, or the property delivered, upon demand of the person having such lien, or retaining such title, after the debt secured by such lien has become enforcible, or the vendee has substantially defaulted in the performance of such retained title contract.
"818.03. Removing such property beyond the limits of county. Whoever shall knowingly and without the written consent of the person having such a lien thereon, as mentioned in § 818.01, buy, take, receive or remove or cause to be removed beyond the limits of the county, any personal property subject to such lien from the owner or any person in possession thereof, and whoever shall willfully conceal such property or obstruct, delay or hinder such lien holder in prosecuting his rights against any of such property, shall be punished by fine not exceeding five hundred dollars, or by imprisonment not exceeding one year."
[2] Meyers v. Ferris, 91 Fla. 958, 109 So. 209 (1926).
[3] We hasten to point out that in this case we are not dealing with the violation of the statute as evidence of negligence, but with what amounts to an intentional tort.
[4] Dann v. Studebaker-Packard Corporation, 288 F.2d 201 (6th Cir.1961); Reader v. Hirsch & Co., 197 F. Supp. 111 (S.D.N.Y. 1961); Brown v. Bullock, 194 F. Supp. 207 (S.D.N.Y. 1961).
[5] See, General Finance Corp. of Jacksonville Inc. v. Sexton, Fla.App. 1963, 155 So.2d 159.