*67 ON REHEARING GRANTED .
CARROLL, Judge.
This court granted a petition of the ap-pellees for rehearing, and heard further argument on the questions of whether the facts were sufficient to show a duty owed by the defendant deputy sheriff to the deceased and violation thereof and whether the complaint was properly dismissed as to the county because of failure to allege a required notice of claim.
In this court’s opinion filed April 19, 1966, it was stated that facts sufficient to support the charge of negligence were alleged. Upon rehearing we now recede therefrom and hold that the allegations of the complaint failed to show that any duty owed the deceased was violated by the defendant deputy sheriff. Assuming, but not so deciding (since this case does not require a ruling on that point), that such a duty may exist under certain circumstances, such as where a party arrested had in his charge a small child, or a person who was patently in need of care or guidance because of a degree of physical or mental infirmity, the complaint in this case contains no such allegations with respect to the wife of the arrested plaintiff. The fact that the parties involved were on a heavily traveled highway in the nighttime and the husband expressed concern as to the safety of his wife may have presented a situation in which it would be reasonable and expedient for the arresting officer to take the wife along or make other provisions respecting her, but we have been shown no decision or rule of law which imposes a legal duty on the officer to take steps to assure safety of an adult companion of an arrested party. No facts were alleged to show wherein the woman was less able to fend for herself than any normal adult would be. The act of the deputy sheriff in leaving her alone, even, if unkind or bad judgment under the circumstances, would not give rise to a civil, action in tort unless the arresting officer was under a legal duty to do otherwise. 32 Fla.Jur., Torts, § 3; 38 Am.Jur., Negligence, § 14.
“A tort denotes an injury inflicted ■ otherwise than by a mere breach of contract. It must be a wrong which the law redresses, not a mere infraction of good morals. 28 Am. & Eng. Enc. of Law, pp. 253, 254.” Shaw v. Fletcher, 137 Fla. 519, 188 So. 135,136.
In 52 Am.Jur., Torts, § 10, it is said: “There is no necessary identity, or even relation, between a legal right or duty and a moral right or duty; those duties which are dictated merely by good morals, or by humane considerations, are not within the domain of the law.” In the same work, § 13, it is said :
“ * * * negligence may consist not only in the doing of something which one is under an obligation not to do, but also in the failure to do something which he is under an obligation to do. However, the mere refusal of a person to do what he is not legally bound to do is not actionable. Those duties which are dictated merely by good morals or by humane considerations are not within the domain of the law. In this respect, it has been held that the duty to protect against wrong is, generally speaking and excepting certain intimate relations in the nature of a trust, a moral obligation only, not recognized or enforced by law.”
On this disposition of the appeal it becomes unnecessary to discuss the additional ground urged on behalf of the defendant county, that the complaint was insufficient as to that defendant for failure to allege the giving of notice of claim as and within the time required.
*68 It was recited in the trial court’s order dismissing the cause that counsel for the plaintiff announced he did not wish to amend. For that reason we express no view as to allowing plaintiff to amend the complaint.
Accordingly, our opinion and judgment of reversal filed April 19, 1966, is vacated, and the judgment of the trial court dismissing the complaint is hereby affirmed.
It is so ordered.