306 So.2d 150 (1975)
STATE of Florida, Appellant,
v.
Joe Mack HAMLIN, Appellee.
No. 74-936.
District Court of Appeal of Florida, Fourth District.
January 17, 1975.
*151 Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, Kenneth J. Scherer, Asst. Public Defender, and Martin H. Colin, Legal Intern, West Palm Beach, for appellee.
WALDEN, Judge.
The trial court dismissed a criminal information. The State of Florida appeals. We reverse.
Joe Mack Halin was charged in that information with larceny of a motor vehicle on March 25, 1974, same being the property of Roger Savald.
Defendant, Joe Mack Hamlin, filed a motion to dismiss under Rule 3.190, F.R. Cr.P., with this sworn allegation:
"c. Further, the Defendant says that on March 25, 1974, he and his brother, James Hamlin, purchased said automobile from Roger Savard for the amount of $200. In this respect said $200 was definitely for the purchase of said automobile and was not for rent of a trailer owned by Roger Savard."
In response, the State filed its sworn traverse under Section (d) of the mentioned Rule and said:
"A. Although there had been discussions about the possible purchase of the subject vehicle between the defendant and Mr. Savard, no sale was ever consumated [sic] and title to the vehicle was never transferred to the defendant.
"B. Two hundred dollars allegedly paid by the defendant and his brother was rental monies and not consideration for the subject vehicle."
The trial court granted the defendant's motion to dismiss for two reasons:
1. The State's traverse was insufficient in that it was signed by the State Attorney who lacked personal knowledge of the facts; and
2. The subject matter of the sale and title to the vehicle in question concerns a transaction which ought to be considered by the civil courts rather than the criminal courts.
The State appeals.
It is clear that had the State not traversed the defendant's allegation, the information would necessarily have to be dismissed because the defendant could not be guilty of stealing his own vehicle. However, the State's traverse placed the material facts in dispute in the sense that it said there had been no sale and no transfer of title to the defendant and explained that the $200 said to have been the purchase price were in fact for the purposes of rent.
Rule 3.190(d), F.R.Cr.P., provides:
"(d) Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision of the motion. A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss." (Emphasis supplied.)
And now to the trial court's reasoning. We have neither been shown nor been able to find any authority for the proposition that the State's traverse must be based on personal knowledge on the part of the State Attorney who files it. The mentioned Rule nowhere requires it. As a practical matter, it would be unrealistic to think that the State Attorney would have been present and have personal knowledge of the commission of the crime. Further, *152 here there was already a sworn complaint by the victim establishing probable cause and it would be redundant to require him to subsequently swear to the same allegations.
As we view it, the traverse or demurrer under the Rule need not be based upon personal knowledge on the part of the State or shored up by affidavit of the victim. We think it is enough that the State Attorney, being a public official of this State, performing under his oath of office and being also an attorney at law and an officer of the court with attendant responsibilities, and having an overall view of the evidence against the accused, simply filed his official sworn traverse or demurrer. We decline to believe that such an official would demean his office and ignore his obligation by filing a spurious or bad faith traverse.
Now we go to the second reason employed by the trial court as a basis for the dismissal. The trial court has no authority to dismiss a properly filed information that properly charges a crime where facts are in dispute. State v. Giesy, 243 So.2d 635 (4th D.C.A.Fla. 1971). We recognize that often a transaction may constitute a crime and at the same time give rise to separate liabilities in tort or contract; and the fact that this occurs does not afford a basis for dismissing a criminal information. See Shaw v. Fletcher, 137 Fla. 519, 188 So. 135 (1939); 9 Fla.Jur. Criminal Law § 3 (1972) and 32 Fla.Jur. Torts § 2 (1960).
Going back to the allegations of defendant's motion to dismiss, and the State's traverse, we reiterate that the material facts alleged by the defendant were denied under oath in the State's traverse. Hence, it was error for the trial court to grant the defendant's motion to dismiss.
Reversed.
CROSS and MAGER, JJ., concur.