315 So.2d 483 (1975)
Patrick CRITCHLOW, Appellant,
v.
WFC MORTGAGE COMPANY, INC., a Corporation, Appellee.
No. 74-1445.
District Court of Appeal of Florida, Third District.
July 8, 1975.
*484 Porter, Treister, Donsky & Stewart and David Bercuson, Miami, for appellant.
Paul, Landy & Beiley, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
The appellant, Patrick Critchlow, brought suit for damages against WFC Mortgage Company, Inc., for an alleged breach of a written employment contract. From an adverse judgment on the pleadings Critchlow appeals.
The complaint set forth the employment contract, the salient portions of which provided that Critchlow was to be employed for a period of 90 days, at the end of which period, WFC Mortgage Company, at its option, could enter into a contract with Critchlow for a period of one year; and that during such initial 90 day period both parties to the contract would have the right to terminate the contract. The record shows that WFC terminated the contract, without cause, some 16 days after its execution. Critchlow contends that the provision of the contract giving both parties the right to terminate during the 90 day period requires factual interpretation; that judgment on the pleadings was precluded, as by its terms, the contract could not be terminated without good cause and that, therefore, the trial court erred in entering such judgment on the pleadings under Rule 1.140(c), RCP, because the complaint stated a good cause of action. WFC contends that such judgment was proper as termination or discharge with a showing of good cause was not necessary or contemplated by the express terms of the written employment contract. We agree and affirm.
The employment agreement was for an indefinite period of time since both parties retained the right to terminate it at any time within 90 days of execution. When a period of employment under an employment contract is indefinite, either party may terminate it at any time. Hope v. National Airlines, Fla.App. 1957, 99 So.2d 244. The trial court may consider undisputed facts appearing in all the pleadings in determining the propriety of a motion for a judgment on the pleadings. Paradise Pools v. Genauer, Fla.App. 1958, 104 So.2d 860.
Therefore, we find that Critchlow's complaint, taken together with the exhibit attached thereto does not state a cause of action as a matter of law. Accordingly, the judgment is affirmed.
Affirmed.