381 So.2d 265 (1980)
Vincent J. CATANIA, John Edward Dortch, Albert Babchick, and Donald J. Duerr, Appellants,
v.
EASTERN AIRLINES, INC., Appellee.
Nos. 79-1009 to 79-1012.
District Court of Appeal of Florida, Third District.
February 19, 1980.
Rehearing Denied April 14, 1980.
*266 August, Gassen, Pohlig & Milstein and Rosemary J. Michael, Miami, for appellants.
Carmen L. Leon, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PEARSON, Judge.
In these appeals, arising from a common basis, the appellants, Vincent J. Catania, John Edward Dortch, Albert Babchick and Donald J. Duerr, alleged in separate complaints filed in the circuit court that they had been wrongfully discharged by the appellee, Eastern Air Lines, Inc. They claimed the right to compensatory and punitive damages in three counts[1] upon various legal theses. The trial court dismissed Counts II, III and IV of the legally-identical complaints. The court thereafter entered a summary judgment on Count I and a final summary judgment for the defendant upon the action.
The points presented by the plaintiffs correspond to the theories for recovery advanced in the complaints. Count I appears to proceed upon a contract theory by alleging that the plaintiffs had a right not to be discharged upon false charges which the employer knew to be false and without the good faith employment of review procedures provided for non-union employees. A summary judgment was entered on this count.
We think that it is clear from the trial judge's action on the other counts of the complaint that he would have dismissed Count I, along with Counts II, III and IV, except for the allegation in Count I that the plaintiffs were entitled by contract to a review of their discharge which was not afforded them. The record before the court on the motion for summary judgment shows without genuine issues that the review was afforded. The plaintiffs' argument that the review was not made in good faith is not supported by any fact in the record. A summary judgment on Count I is proper if the remaining allegations do not state an action in contract.
The plaintiffs recognize that the law in Florida, and in most jurisdictions, is that if the period of employment is indefinite, either party may terminate it at any time; that is, unless the employment contract specifically obligates both the employer and the employee for a definite term of employment, the employment is considered to be indefinite and terminable at the will of either party. See DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978); and Hope v. National Airlines, 99 So.2d 244 (Fla. 3d DCA 1957).
The gist of appellants' argument is that:
"To require employers to demonstrate valid grounds and methods for an employee's discharge does not unduly restrict employers; it merely provides some balance of power. It is apparent that there is not truly freedom of contract between an employer and employee; the individual employee has no power or ability at all to negotiate an employment *267 contract more favorable to himself. And the traditional common law doctrine totally subordinates an interest of the employee to the employers' freedom.
"Modern commentators have thoroughly criticized the old rule for its harshness and lack of logic and as resting on questionable and outdated justifications, and no longer being applicable to contemporary employment conditions. For these reasons, many courts have found a breach of contract for wrongful discharge despite the old rule, doing so on public policy grounds. They have implied a good faith element restriction on an employer's absolute and unbridled right to discharge for any reason, no reason, or a false reason, or they have found that in given instances the grounds for the discharge contravened other strong public policies of the state."
We reject the plaintiffs' invitation to be a "law giver" in this case. We do so recognizing that the courts in some jurisdictions have taken the path the plaintiffs wish us to take. See Pstragowski v. Metropolitan Life Insurance Company, 553 F.2d 1 (1st Cir.1977); Koch Industries, Inc. v. Vosko, 494 F.2d 713 (10th Cir.1974); Fortune v. National Cash Register Company, 373 Mass. 96, 364 N.E.2d 1251 (1977); Monge v. Beebe Rubber Company, 114 N.H. 130, 316 A.2d 549 (1974); and Petermann v. International Brotherhood, etc., 174 Cal. App.2d 184, 344 P.2d 25 (1959).
We find the plaintiffs' cases inappropriate for an extension of the law in that the burden of each count of the complaint is that the defendant's motive for not wishing to employ the plaintiffs further was a bad motive. The courts have generally found it difficult and inappropriate to make civil actions dependent on the motive or intent of the defendant, except where such an element is central or integral to the form of action undertaken. Cf. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 221 (1936).
The second count of the complaint sought injunctive relief and damages because:
"Defendant's action in discharging plaintiff violated the express policy of the legislature articulated in Florida Statutes 447.01 to protect the non-unionist as well as the unionist, and to protect the `right to work (which is) the right to live,' and tortiously penalized plaintiff for carrying out the public policy of the state, as expressed in constitutional and statutory law."
The plaintiffs' attempt to describe a tort arising out of the contracts of employment is too general to permit legal analysis. Not every violation of public policy is a tort in the absence of an allegation of acts constituting a breach of the plaintiffs' legal rights and causing injury to the plaintiffs' person, property or reputation. See 74 Am.Jur.2d Torts § 3 (1974); and see Shaw v. Fletcher, 137 Fla. 519, 188 So. 135 (1939).
The third count alleges:
"In discharging plaintiff, defendant acted in a manner intended to inflict severe and permanent mental and emotional distress, or exceeded all bounds and defendant should have known that the natural force, effect, and weight of its actions would cause such mental distress."
This count likewise was properly dismissed. See Steiner and Munach, P.A. v. Williams, 334 So.2d 39 (Fla. 3d DCA 1976); and Brooks v. South Broward Hospital District, 325 So.2d 479 (Fla. 4th DCA 1975).
A fourth count (found only in plaintiff Duerr's complaint) claims damages because the defendant "shadowed" Duerr and kept him under surveillance. It is alleged that this is a count claiming tort liability for the invasion of the plaintiff's right to privacy. The tort has been recognized in Florida. See Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1945). A cause of action based on a defendant's surveillance of a plaintiff was dealt with in Tucker v. American Employers' Insurance Company, 171 So.2d 437 (Fla. 2d DCA 1965).
In the Tucker opinion the court adopted the reasoning in Forster v. Manchester, 410 Pa. 192, 189 A.2d 147 (1963), and held that *268 in order to state a cause of action under this theory, the surveillance of the plaintiff by the defendant must be shown to have been in a vicious and malicious manner not reasonably limited to a legitimate purpose, citing to Pinkerton National Detective Agency, Inc. v. Stevens, 108 Ga. App. 159, 132 S.E.2d 119 (1963). The allegations in this count are wholly inadequate to state a cause of an action for invasion of privacy because none of the essential elements are alleged.
The judgment is affirmed.
NOTES
[1] Appellant Duerr's complaint contained a fourth count, and appellant Dortch's complaint was worded on a slightly different legal basis.