416 So.2d 1219 (1982)
Judson LEWIS and Eduardo Osorio, Appellants,
v.
Jon COMPTON, et al., Appellee.
No. 81-249.
District Court of Appeal of Florida, Third District.
July 20, 1982.
Joel Creel, Coral Gables, for appellants.
Robert C. Lane, Jr., Coral Gables, for appellee.
Before HENDRY, SCHWARTZ and JORGENSON, JJ.
PER CURIAM.
Defendants, Judson Lewis and Eduardo Osorio, appeal from a judgment awarding compensatory and punitive damages against them following a jury trial. They allege as error that Count III of the amended complaint failed to state a cause of action. We agree with their contentions and reverse.
Lewis and Osorio, and Jon Compton, plaintiff below, entered into an oral agreement to form a corporation for the production of certain hydraulic equipment. A corporation was, in fact, formed, however, no stock ever issued, nor was a subscription price for the stock ever established. Compton was paid a salary of $500.00 a week for his services. The corporation funded its operations through certain loans made to it by Osorio. Compton was, subsequently, discharged and the corporation was dissolved. A new corporation was formed without participation by Compton.
Compton's claim to an interest in the corporation cannot lie as there is no cause of action for the issuance of corporate stock based upon an agreement for future services. Section 607.054(6), Florida Statutes (1976); 8 Fla.Jur.2d Business Relationships § 139. Nor will Compton have a cause of action sounding in contract, since the period of employment was of indefinite duration and, thus, terminable at will. Critchlow v. WFC Mortgage Company, Inc., 315 So.2d 483 (Fla. 3d DCA 1975); Hoffman v. Robinson, 213 So.2d 267 (Fla. 3d DCA 1968); see also Harrison v. Jack Eckerd Corporation, 342 F. Supp. 348 (M.D.Fla. 1972), aff'd mem., 468 F.2d 951 (5th Cir.1972).
Having concluded that Compton's status was that of an employee who could be terminated *1220 at will, his subsequent discharge, even if wrongful, will not serve as a basis for either compensatory or punitive damages. Catalina v. Eastern Airlines, 381 So.2d 265 (Fla. 3d DCA 1980); DeMarco v. Publix, 360 So.2d 134 (Fla. 3d DCA 1978), aff'd, 384 So.2d 1253 (1980).
Accordingly, the judgment under review is reversed.
Reversed.