# CITY OF FORT LAUDERDALE v AYTON
## Case No. 88-103AC (Lower Court Case No. 88-25673M010A)
Seventeenth Judicial Circuit, Broward County
December 27, 1990

### APPEARANCES OF COUNSEL

**Robert Scott Walker, Esquire,** Municipal Prosecutor, for appellant.
**David R. Carlisle, Esquire,** for appellee.

### OPINION OF THE COURT

PATTI ENGLANDER HENNING, Circuit Judge.

THE APPELLANT, the City of Fort Lauderdale, appeals from a County Court Order dismissing its information, based on a finding that Appellee, Linval Ayton, was entitled to notice of and an opportunity to correct building code violations, prior to arrest and prior to an information being filed in county court. Oral argument was heard on November 30, 1989. The Court having considered the Appeal, the briefs, the Oral Argument and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED that the Order dismissing the City

of Fort Lauderdale's information was improper because trial court has no authority to dismiss a properly filed information charging a crime. Further the information presented by the City of Fort Lauderdale was factually adequate to establish probable cause to bring the appellee to trial. *State v Hamlin,* 306 So.2d 150 (Fla. 4th DCA 1975). Furthermore, the provisions under F.S. 901.15 preclude the necessity of a warning, and or time to remedy, when municipal ordinance violations and misdemeanors are committed in the presence of a law enforcement officer. It is further:

ORDERED AND ADJUDGED that the Order dismissing the information in *City of Fort Lauderdale v Linval Ayton,* 88-25673 )-10 (Ford), is hereby reversed and the cause is remanded to county court for further proceedings.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 27th day of December, 1990.