682 So.2d 166 (1996)
Javier MUNS, Appellant,
v.
SHURGARD INCOME PROPERTIES FUND 16LIMITED PARTNERSHIP d/b/a Shurgard Self Storage, Appellee.
No. 95-1981.
District Court of Appeal of Florida, Fourth District.
September 18, 1996.
Rehearing and Clarification Denied November 8, 1996.
Steven G. Schwartz of Mattlin & McClosky, Boca Raton, for appellant.
Steven A. Mayans of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., West Palm Beach, for appellee.
*167 WARNER, Judge.
This is an appeal from a final summary judgment in favor of the lessor of a self-storage unit, finding valid a damage limitation clause in the lease which limited appellant-lessee's damages to $250 for wrongful foreclosure on the contents of the storage unit for nonpayment of rent. The appellant also appeals the dismissal of other counts of his complaint on the ground that the trial court went beyond the four corners of the complaint in granting dismissal. We affirm in part and reverse in part.
In July 1990, appellant Muns rented a self-storage unit from appellee Shurgard. The monthly rent was $15 plus tax. Appellant purchased $10,000 in property insurance, after being told by appellee that was all that was available. He told appellee that the property he was storing, consisting of old manuscripts and nautical equipment, was worth in excess of $50,000. Appellant, a Spanish national, left instructions as to whom to contact with any notices or any problems. He then left for Spain.
After appellant's rent became delinquent in the sum of about $16.00, appellee conducted a self-help foreclosure auction selling all of the appellant's goods for a pittance. Appellee concedes that there is a fact issue as to whether the foreclosure action was proper, and that testimony in the record reveals that appellee did not send notices of the sale to appropriate parties so that appellant did not have notice of the sale of his property.
While the procedural history of this case is complex, for purposes of this appeal it is sufficient to note that appellant's complaint upon which the motion for summary judgment was based contained causes of action for breach of contract, breach of section 677.210, Florida Statutes (1993), breach of section 83.801 et seq., Florida Statutes (1993) (the self-storage act), negligence, and fraud. Appellee raised several defenses, including the exculpatory clause of the lease which provided that the maximum liability for wrongful or improper foreclosure or sale of the contents of the storage unit would be $250 for each unit. The trial court granted summary judgment on the contract action and dismissed the statutory, negligence, and fraud counts. This appeal ensued.
Although disfavored, exculpatory clauses which limit or exempt liability for negligence are enforceable in Florida courts. See Orkin Exterminating Co. v. Montagano, 359 So.2d 512 (Fla. 4th DCA 1978). Appellant argues that there were material facts as to whether the exculpatory clause was unconscionable and should not be enforced. However, this issue was not raised in his pleadings and the record does not show that it was raised at the motion for summary judgment. Therefore, we are compelled to affirm on this issue.[1]See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
The remaining counts were dismissed by the trial court on the ground of res judicata in that the issues had been decided in a prior proceeding between the parties. In doing so, the trial court went beyond the four corners of the complaint to determine the issues, relying on the submissions of the appellee concerning the prior litigation in its motion to dismiss. The trial court erred in considering matters beyond the complaint in granting the motion to dismiss. Cook v. Sheriff of Collier County, 573 So.2d 406 (Fla. 2d DCA 1991); Hitt v. North Broward Hosp. Dist., 387 So.2d 482 (Fla. 4th DCA 1980). We do, however, affirm the dismissal of the negligence count, as that count is barred by the "economic loss rule," a fact which appears on the face of the complaint. See AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla.1987).
We therefore affirm as to the breach of contract and negligence counts of the complaint, but reverse for further proceedings as to the statutory claims and fraud claim.
*168 DELL, J., and KENNEY, SCOTT M., Associate Judge, concur.
NOTES
[1] The complaint does not raise unconscionability of the contract in its allegations. The exculpatory clause was raised as an affirmative defense by appellee. The unconscionability of the clause would have been an avoidance of that affirmative defense which should have been pleaded in a reply. Appellant did not file a reply, even though in an earlier action, which appellant voluntarily dismissed, he had filed a reply alleging that the exculpatory clause was unconscionable.