WARNER, C.J.
Appellant, a self-storage facility, appeals a judgment in favor of appellee, Muns, for the improper sale of Muns’ property contained in one of its units claiming, among other things, that the Self-Storage Facility Act, under which appellee brought his claim, does not permit a private cause of action. We agree and reverse the final judgment.
This is the second appearance of this case before this court, and the facts involved are set forth in the first appeal. See Muns v. Shurgard Income Properties Fund 16-Ltd. Partnership, 682 So.2d 166 (Fla. 4th DCA 1996). Muns had originally filed a complaint against Shurgard containing several counts, including one count based upon violations of the Self-Storage Facility Act (“the Act”). In 1992, the trial court granted summary judgment on this count on behalf of Shurgard. It denied summary judgment as to one count and granted it with leave to amend the third count. Subsequently, Muns filed a notice of voluntary dismissal in the first action and filed a second complaint, including a count for violation of the statute. On a motion to dismiss, the trial court dismissed the case on grounds of res judicata. In Muns we reversed the dismissal of the statutory cause of action in the second suit based on res judicata on the narrow technical ground that the court went beyond the four corners of the complaint in deciding the issue and we remanded for further proceedings on the statutory count.
Upon remand, Shurgard moved for summary judgment, contending that the legislation did not create a private cause of action for breach of the Act’s provisions, and that the exculpatory or limitation of damages clause in the contract precluded recovery. The court denied the motion. At trial, Muns’ theory was that Shurgard’s failure to follow the requirements of the Act in notifying him of the breach of the lease agreement and the conduct of the sale of the unit’s contents caused him to lose valuable property. On that claim the jury returned a verdict of $98,600. Shur-gard appeals, claiming both that the statute does not permit a private cause of action and that the exculpatory or limitation of damages clause contained in the lease agreement, which we concluded in Muns precluded recovery in the negligence count, also prevents recovery beyond its limitations on the statutory cause of action.
The dispositive question presented is whether the Self-Storage Facility Act creates a private cause of action for breach of its provisions. In Murthy v. N. Sinha Corp., 644 So.2d 983, 985-86 (Fla.1994), the supreme court concluded that whether or not a statute creates a private cause of *342 action for its breach is a matter of legislative intent:
[i]n the past, some courts dealing with this issue have looked to whether the statute at issue imposed a duty to benefit a class of individuals. Texas & Pacific Ry. v. Rigsby, 241 U.S. 33, 39, 36 S.Ct. 482, 484, 60 L.Ed. 874, 877 (1916); Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678, 680 (Fla. 3d DCA 1964). These courts simply concluded that a cause of action arose when a class member was injured by a breach of that duty. Rosenberg, 168 So.2d at 680. Today, however, most courts generally look to the legislative intent of a statute to determine whether a private cause of action should be judicially inferred. Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis, 444 U.S. 11, 15-16, 100 S.Ct. 242, 245-46, 62 L.Ed.2d 146 (1979).... Although we are not bound by the decisions of these courts, we agree that legislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one. See In re Order on Prosecution of Criminal Appeals, 561 So.2d 1130, 1137 (Fla.1990); Parker v. State, 406 So.2d 1089, 1092 (Fla.1981) (“[Lj]egislative intent is the pole star by which we must be guided in interpreting the provisions of a law.”),
(citations omitted). While an analysis based upon a duty to benefit a class of individuals would indicate that the provisions of notice to the tenant and requiring that the sale of a tenant’s seized goods be conducted in a commercially reasonable manner are for the benefit of the tenant, in adopting the owner’s self-help procedures included in the Act, the legislation does not evince any intent to benefit the tenant. To the contrary, the preamble of the Act states the intent of the legislature:
WHEREAS, the mini-self-storage industry is a recent addition to the Florida economy, and
WHEREAS, it is in the public interest to keep the cost of storage space in a mini-self-storage building relatively low and thereby accessible to the general public, and
WHEREAS, the cost and time involved in enforcing a final judgment against a defaulting tenant under the present law substantially raises the rent on storage space in mini-self-storage buildings, and lessens the availability of space to the general public, and
WHEREAS, the mini-self-storage industry needs a simpler procedure to recover the rent from tenants who default in their rental agreements and to enforce judgments against defaulting tenants....
(emphasis supplied). In addition, the legislative history provides that “[t]he intent of [the Act] is to simplify the procedures whereby mini-self-storage owners can recover the rent from tenants who default on their rental agreements.” Staff of Fla. H.R. Comm, on Judiciary, H.B. 510 (April 4, 1979). Finally, no provisions contained therein either expressly or impliedly create a cause of action for breach of the provisions of the Act. The Legislature knows how to create such a provision if it so chooses. For instance, in secured transactions, section 679.507(1), Florida Statutes (1997) provides that:
[i]f it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification ... has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part.
Two of those provisions are the requirement of notice of default and sale and the disposition of the collateral in a commercially reasonable manner. Although section 83.806(5) of the Act specifically refers to and requires disposition of a tenant’s possessions pursuant to the commercially *343 reasonable standard contained in section 679.504(3), the Act does not include the liability provision contained in section 679.507(1) for failure to follow the commercial reasonableness or notice provisions.
Muns cites Ayares-Eisenberg Perrine Datsun, Inc. v. Sun Bank, 455 So.2d 525 (Fla. 3d DCA 1984) as analogous to the instant case and supportive of a conclusion that the Act creates a private cause of action for violation of its terms. However, Ayares involved a secured transaction governed by the U.C.C. and as such was within the provisions of section 679.507(1). See id. at 526-27. Muns also asserts that this court in Ciffo v. Public Storage Management, Inc., 556 So.2d 418, 419 (Fla. 4th DCA 1989) held that the Act creates a cause of action. That issue was never addressed by this court in Ciffo, and we cannot tell whether the parties ever raised it. The case is thus inapposite.
We therefore conclude that the Self-Storage Facility Act does not create a private cause of action, and we reverse the final judgment, directing the court to dismiss the claim. We recognize that this is a very harsh result. It shows us that placing goods in self-storage units creates a substantial risk, one which a typical tenant’s insurance policy may not insure against. Had we the liberty to determine the statutory cause of action based upon whom the provisions at issue were intended to benefit, our decision would have been the opposite of the result we have reached. Murthy prevents us from doing that.
Reversed.
STEVENSON, J., and KREEGER, JUDITH L., Associate Judge, concur.