Julie BUELL, et al., Plaintiffs,

v.

DIRECT GENERAL INSURANCE AGENCY, INC., et al., Defendants.

No. 806–CV–1791–T–26MSS.

United States District Court, M.D. Florida, Tampa Division.

June 6, 2007.

Susan L. Lawson, Lawson & Associates, P.A., Tampa, Carlos Lidsky, Charles L. Vaccaro, Lidsky Vaccaro & Montes, Attorneys at Law, P.A., Hialeah, Richard A. Bokor, Law Office of Richard A. Bokor, Tampa, John S. Mills, Mills & Creed, P.A., Jacksonville, FL, for Plaintiffs.

Farrokh Jhabvala, Esq., Jason Patrick Kairalla, Esq., Jorden Burt LLP, Miami, FL, for Defendant American Bankers Insurance Company of Florida.

Maria Elena Abate, Rachel H. LeBlanc, Colodny, Fass, Talenfeld, Karlinsky & Abate, P.A., Ft. Lauderdale, FL, for Defendants Direct General Corporation, Di-

rect General Insurance Company, Direct General Insurance Agency, Inc., and Direct General Life Insurance Company.

John D. Mullen, Kamilah L. Perry, Phelps Dunbar LLP, Tampa, FL, for Defendant Underwriters at Lloyds, London.

## *ORDER*

LAZZARA, District Judge.

The Court has for its consideration Plaintiffs' motion for rehearing and leave to file a fourth amended complaint [1] and Defendants' responses.[2] After careful review, the Court is of the opinion that Plaintiffs' motions are due to be denied and that its reasons for dismissing Plaintiffs' third amended complaint must be modified.

On May 1, 2007, the Court entered an order dismissing Plaintiffs' third amended class action complaint but without prejudice to each Plaintiff refiling their claims within 10 days as individual actions brought on their own behalf in separate cases.[3] In doing so, the Court rejected one of Defendants' principal arguments that Plaintiffs were prohibited from bringing their claims based on a violation of section 626.9541(1)(z), Florida Statutes, which prohibits the act or practice of "sliding" in the sale of ancillary insurance products, because the statute did not provide for a private right of action.[4] Although the Court recognized the Eleventh Circuit's holding in *Keehn v. Carolina Casualty Insurance Co.*, 758 F.2d 1522 (11th Cir. 1985), in which the Court relied on Florida case law for the proposition that the UITPA created no implied private right of

action based on the statute itself, the Court instead felt bound to follow the Eleventh Circuit's opinion in *Davis v. Travelers Indemnity Co.*, 800 F.2d 1050 (11th Cir.1986), which distinguished *Keehn* because *Keehn* did not involve a breach of statute tort claim.

Defendants responded by filing a motion requesting the Court to modify its order on the basis that subsequent decisions of the Florida appellate courts, including the Florida Supreme Court, had undermined *Davis* to the extent that *Davis* no longer represented the law of Florida with regard to how a court determines whether an alleged statutory violation bestows a private right of action on an individual.[5] The Court denied the motion because it was "not free to disregard Eleventh Circuit precedent."[6] After further reflection, however, the Court acknowledges that it misapprehended its obligation under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to divine the law of Florida as it exists today on the issue of whether a statute provides for a private cause of action, even in light of the *Davis* decision. *See Ford Motor Co. v. Mathis*, 322 F.2d 267, 270 (5th Cir.1963) (emphasizing again that in a diversity-*Erie* action, court is bound by the applicable state law as the court divines it today); *see also Newell v. Harold Shaffer Leasing Co.*, 489 F.2d 103, 107 (5th Cir.1974) (observing that "[s]tare decisis requires that we follow our own earlier determination as to the law of a state *in the absence of any subsequent change in the state law*.") (emphasis added).[7]

---

1. *See* docket 59.

2. *See* dockets 62–67.

3. *See* docket 54.

4. As noted in that order, this statutory provision is part of Florida's "Unfair Insurance Trade Practices Act" (UITPA). *See* §§ 626.951–626–99, Fla. Stat.

5. *See* docket 56.

6. *See* docket 57.

7. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down as of the close of business on September 30, 1981.

In *Davis*, which was decided in 1986, the Eleventh Circuit determined that "[u]nder Florida law, when a statute creates a duty for the benefit of members of the class of persons the statute was designed to protect, a common law cause of action has been held to arise by virtue of an alleged violation of that statute." 800 F.2d at 1051 (citing *Rosenberg v. Ryder Leasing, Inc.*, 168 So.2d 678 (Fla. 3d DCA 1964), and *Girard Trust Co. v. Tampashores Development Co.*, 95 Fla. 1010, 1015–16, 117 So. 786, 788 (1928)). Following *Davis*, however, the courts of Florida have receded from the two cited decisions and have expressly adopted the private-right-of-action doctrine initially promulgated in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), which has as its primary focus legislative intent. *See, e.g., Murthy v. N. Sinha Corp.*, 644 So.2d 983, 985 (Fla.1994) (agreeing "that legislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one[,]" and determining that Chapter 489, the licensing and regulatory chapter governing construction contracting, did not create a private right of action); *Fischer v. Metcalf*, 543 So.2d 785, 789 (Fla. 3d DCA 1989) (en banc) (receding "from *Rosenberg* to the extent that it holds the 'class benefited factor' to be the *sole* determinative in implying a private right of action for violation of a penal statute.") (emphasis in original). Indeed, the Florida Supreme Court less than two weeks ago reaffirmed its commitment "to the principle that whether a statutory cause of action should be judicially implied is a question of legislative intent." *Horowitz v. Plantation Gen. Hosp. Ltd. P'ship*, 959 So.2d 176, 182, 2007 WL 1498968 *5 (2007).

Measured against what the Court has now divined to be the law of Florida, the Court concludes that there is absolutely no evidence in the language of the UITPA that the Florida legislature intended to create a private cause of action against an insurance company or its agents for violating the specific sliding provisions of section 626.9541(1)(z). The Florida legislature expressed its intent unambiguously in section 626.951(1) as to the avowed purpose of the statutory scheme embodied in the UITPA: "[t]he purpose of this part is to regulate trade practices relating to the business of insurance in accordance with the intent of Congress as expressed in the Act of Congress of March 9, 1945 (Pub.L. No. 15, 79th Congress), by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined." Importantly, Congress enacted the referenced legislation to declare its intent "that the continued *regulation* and taxation by the several States of the business of insurance is in the *public interest* [.]" (Emphasis added.)

It follows, therefore, that the UITPA is a statutory manifestation of the Florida legislature's intent, in conformity with an Act of Congress, to regulate the insurance industry's trade practices for the benefit of the public by defining, determining, and prohibiting unfair methods of competition and unfair or deceptive acts or practices. Simply put, the UITPA is a regulatory statute, much like the statutory scheme at issue in *Murthy*, which is designed to protect the public welfare from unscrupulous insurance practices. As so interpreted, it cannot be construed to establish civil liability. *Murthy*, 644 So.2d at 986 (observing that a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing civil liability) (citations omitted).

More telling as to the Florida legislature's intent not to create a private right of action premised on a violation of section 626.9541(1)(z), is the fact that it expressly provided for a cause of action for violating other specific provisions of not only the UITPA but also of section 626.9541 itself. Section 624.155(1)(a)1–5 provides in pertinent part that "[a]ny person may bring a civil action against an insurer when such person is damaged: By a violation of any of the following provisions by the insurer: Section 626.9541(1)(i), (o), or (x); Section 626.9551; Section 626.9705; Section 626.9706; Section 626.9707." Had the Florida legislature wished to include section 626.9541(1)(z) within the ambit of section 624.155(1)(a), it was free to do so. But it did not. Consequently, under the doctrine of statutory construction "*inclusio unius est exclusio alterious,*" the Florida legislature's express authorization to pursue a private right of action with regard to violations of specific provisions of the UITPA implies the legislature intended to exclude the pursuit of a private cause of action with regard to a violation of the other provisions of the UITPA, including section 626.9541(1)(z). *See Gay v. Singletary,* 700 So.2d 1220, 1221 (Fla.1997) (explaining that "[u]nder this doctrine, when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded.") (citing *Industrial Fire & Cas. Ins. Co. v. Kwechin,* 447 So.2d 1337, 1339 (Fla.1983)).

In light of the Court's conclusion that the Florida legislature did not intend to confer a private right of action on an individual claiming a violation of section 626.9541(1)(z) on the part of an insurance company, the Court's order dismissing Plaintiffs' third amended complaint is due to be modified to reflect that determination. As a further consequence of that conclusion, Plaintiffs' motion for rehearing and for leave to file a fourth amended complaint must be denied. To allow Plaintiffs to file the proposed fourth amended complaint, which is premised solely on alleged violations of section 626.9541(1)(z), would be an act of futility because the complaint would still be subject to dismissal. *See Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir.1999) (finding that denial of leave to amend is justified by futility when the amended complaint would still be subject to dismissal) (citing *Halliburton & Assoc., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir.1985); *Florida Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir. 1996)).[8]

**ACCORDINGLY,** for the reasons expressed, it is **ORDERED AND ADJUDGED** as follows:

1) The Court's order of May 1, 2007, dismissing Plaintiffs' third amended complaint is modified to reflect that such dismissal is with prejudice as to all Plaintiffs without leave to file an amended complaint in their individual capacities in separate cases.

---

8. To the extent Plaintiffs' seek to impose liability based on the theory that Defendant Direct General employs unlicensed agents to sell ancillary insurance products, thereby rendering such sales illegal and entitling Plaintiffs to restitution, that claim would likewise be subject to dismissal based on section 626.141 in which the Florida legislature clearly provided that an otherwise valid and binding insurance contract is not rendered invalid because it was solicited or procured by an unlicensed agent or customer representative. Moreover, as the Direct General Defendants correctly point out, Plaintiffs' "fourth amended complaint is utterly devoid of any factual allegation that any of the agents from whom Plaintiffs purchased their insurance policies were improperly licensed." *See* docket 67, page 9.

2) Plaintiffs' Motion for Rehearing and Leave to File Fourth Amended Complaint (Dkts. 59 & 60) are denied.