HAROLD C. FILKER, Plaintiff-Respondent-Appellant, *v.* HONDA MOTOR COMPANY, LTD., *et al.*, Defendants.—(CREIGHTON MEMORIAL ST. JOSEPH HOSPITAL, Petitioner-Appellee.)

Third District   No. 79-1004

Opinion filed August 28, 1980.

Harold N. O'Hara, of Peoria, for appellant.

Bruce R. Becker, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff Harold C. Filker appeals from an order of the Circuit Court of Tazewell County allowing the petition of Creighton Memorial St. Joseph Hospital to enforce its hospital lien against a judgment recovered by the plaintiff in a personal injury action. We affirm.

The facts of this case are as follows:

In August of 1976 the plaintiff sustained injuries while riding a Honda

motorcycle. After the accident he was hospitalized at Creighton Memorial St. Joseph Hospital. On November 14, 1976, the plaintiff was discharged, having incurred hospital bills in excess of $25,000.

On March 9, 1977, the plaintiff filed a personal injury suit against Honda Motor Company, Ltd., and America Honda Motor Company, Inc., seeking damages for injuries sustained in the motorcycle accident. Subsequently, on June 30, 1977, the hospital filed and perfected its hospital lien in the amount of $25,046.30 pursuant to "An act providing for a lien for nonprofit hospitals, and hospitals maintained and operated entirely by a county rendering treatment and maintenance to injured persons" (Ill. Rev. Stat. 1975, ch. 82, pars. 97-101) (hereinafter referred to as the Hospital Lien Act).

On February 10, 1978, the plaintiff filed for bankruptcy. In his schedule of creditors, plaintiff listed the hospital as an unsecured creditor without priority. The plaintiff did not list his pending lawsuit against Honda as an asset. Although the hospital received notice of the plaintiff's pending bankruptcy, it appears that the hospital did not participate in any way in the plaintiff's bankruptcy proceedings. On May 2, 1978, the plaintiff was discharged in bankruptcy.

On June 31, 1979, the plaintiff recovered a judgment of $186,634.36 in his personal injury action against Honda. On November 26, 1979, Honda filed a motion for satisfaction of judgment, seeking to tender to the clerk of the Circuit Court of Tazewell County the sum of $184,161.14, representing the judgment plus interest less $7,000 (a sum paid by a co-defendant to the plaintiff in exchange for a covenant not to sue for which Honda was entitled to full credit). The next day the hospital filed a petition to enforce its hospital lien on the proceeds of the personal injury judgment. The Circuit Court of Tazewell County allowed the hospital's petition, and ordered that $25,046.30 be distributed to the petitioner hospital. It is from this order that the plaintiff appeals.

In contending that the circuit court erred in allowing the hospital's petition to enforce its hospital lien, the plaintiff takes the position that the petitioner hospital was an unsecured creditor whose debt was discharged in bankruptcy, and consequently it cannot now maintain an action in a State court to recover on the debt. We disagree. Although the petitioner was listed on plaintiff's schedule of creditors as an unsecured creditor without priority, this classification is not conclusive as to petitioner's status. "Filing a schedule is in no proper sense res judicata, either as to creditors or the bankrupt * * *. It has no force in another independent proceeding, other than as evidence." (9 Am. Jur. 2d *Bankruptcy* §382 (1963).) By perfecting its lien pursuant to section 1 of the Hospital Lien Act (Ill. Rev. Stat. 1975, ch. 82, par. 97) the petitioner became secured under the laws of the State of Illinois. This status was unaffected by either its classification by the

plaintiff bankrupt or by the failure of the petitioner to participate in the bankruptcy proceedings.

Because petitioner's security interest, perfected more than six months prior to the filing of the bankruptcy petition, was unaffected by the plaintiff's bankruptcy, the petitioner was entitled to enforce its lien subsequent to the bankruptcy in State court. "A discharge in bankruptcy does not affect, release, or discharge any securities or valid liens on property of the bankrupt which were in existence prior to the petition or adjudication in bankruptcy." (8B C.J.S. *Bankruptcy* §582(1) (1963); see also 9 Am. Jur. 2d *Bankruptcy* §759 (1963).) "A discharge in bankruptcy, being personal to the bankrupt, does not act as a release of liens or security interests in property owned by him. Accordingly, a creditor holding a security interest need not proceed in bankruptcy court but may rely on his security and enforce his rights against it in any court of competent jurisdiction." (*Avco Finance Co. v. Erickson* (1971), 132 Ill. App. 2d 868, 870, 270 N.E.2d 111, 112. Accord, *Rochelle State Bank v. Gavic* (1979), 70 Ill. App. 3d 42, 388 N.E.2d 436.) This was precisely the procedure followed by the petitioner in the case at bar. The allowance of the petition of the hospital to enforce its hospital lien on the proceeds of the personal injury judgment recovered by the plaintiff was proper.

Our holding makes the consideration of the other issues raised by the petitioner in this case concerning revival of the discharged debt by the plaintiff's attorney, and waiver of objections to the enforcement of petitioner's lien based, *inter alia*, upon statements by plaintiff's counsel, unnecessary.

The order of the Circuit Court of Tazewell County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.