GLICKSTEIN, Judge.
This is an appeal of a final order, granting involuntary dismissal against appellant in a non-jury trial. We reverse and remand for entry of judgment in favor of appellant.
On or about August 31,1983, Ford Motor Credit Company (hereinafter FMCC) filed a complaint against Bernard Hanus and Ocean City Lumber Company, alleging that Hanus had defaulted under a retail installment contract for the sale of a 1983 Ford Ranger Pickup Truck. The complaint further alleged that Ocean City had violated Sections 818.01[1] and 818.05,[2] Florida Statutes (1983), by disposing of the vehicle to a third party without the written consent of FMCC.
At the conclusion of FMCC’s case-in-chief, Ocean City informed the trial court that it had no testimony to present and moved for involuntary dismissal as if the case had been completed. The trial court granted the motion then entered judgment in favor of FMCC and against Hanus in the amount of $7,410.23.
The record establishes that on May 28, 1982, Bernard Hanus entered into a retail installment contract with Ocala Motors, Inc., for the purchase of a 1983 Ford truck. Ocala Motors subsequently assigned that contract to FMCC, which retained title to and held a security interest in the vehicle.
On October 12, 1982, the Sheriff of Palm Beach County levied upon the vehicle pursuant to instructions from Ocean City Lumber Company, a judgment creditor of Ha-nus. Ocean City was the high bidder at the sheriffs sale, with a bid of $500. The sheriffs bill of sale to Ocean City was “subject to all liens, retain titles and taxes that may exist against such goods and chattels.”
At the non-jury trial three years later, Ocean City’s lawyer, Mr. Bakst, and Mr. Hanus testified. From their testimony, we know that there was another bidder at the sale, a Mr. Weissman, whose bidding stopped at a figure less than $500. After the bidding had been completed, but still at the scene of the sale, Mr. Weissman and Mr. Bakst discussed the sale of the truck from Ocean City to Weissman for $500, to which the parties agreed. Mr. Hanus testified that Mr. Bakst asked him to take Mr. Weissman to pick up the truck at Boyd’s Towing in Delray Beach, to which Mr. Ha- *572 nus agreed; and that he last saw Mr. Weissman at the towing service operation.
Mr. Bakst testified:
Mr. Weissman agreed that he would attempt to buy the vehicle from us for paying us the five hundred dollars.
He handed us five hundred dollars at the sheriff’s sale. I took Mr. Hanus aside with Mr. Weissman. Mr. Hanus, Mr. Weissman and myself agreed that Mr. Weissman would get the release for the vehicle from the sheriff, Boyd’s Body Shop on Congress Avenue, south of Atlantic; that they would go down together with Mr. Hanus.
Mr. Hanus would hand over the payment book to Ford Motor Credit Company; that arrangements would be made to take over the loan by Mr. Weissman; that after he took over the loan, he would come back to my office. And he would show us proof that he had taken over the loan.
And he would pick up the sheriff’s bill of sale.
In order to transfer a motor vehicle in Florida, you must have an affidavit, a certified copy of the execution, a certified copy of the sheriff’s bill of sale. Those items were going to take a couple of days.
Mr. Weissman was first to resolve himself with Ford Motor and come back and pick up those documents at which time I would have my client, Ocean City Lumber Company, sign a power of attorney in favor of Mr. Weissman so he would be able to transfer title pursuant to the statute.
He further testified that Mr. Weissman later telephoned him and said that FMCC would not let him assume the payments.
It is uncontradicted that Mr. Weissman and the truck disappeared.
Appellee contends that the above statutes were not intended to protect a secured creditor in a case such as the present; and that it was never in possession of the truck.
While it is an unfortunate situation, the problem has been created solely by appel-lee, which quarterbacked the transfer of possession to Mr. Weissman and now seeks to withdraw from responsibility for the unforeseen consequences of its spontaneous actions at the sale.
Ocean City purchased the truck by its successful bid, as evidenced by the bill of sale to it. It further not only assumed dominion and control over it but determined to whom thereafter that dominion and control would pass and made logistical arrangements to effect it. We have no doubt that only Ocean City could decide who was to possess the vehicle, because of its purchase. We further have no doubt that it disposed of the truck by its actions at the sale, without any knowledge or consent by FMCC to the disposal, thus occasioning a cause of action in favor of the creditor under the statutes. Littman v. Commercial Bank & Trust Company, 425 So.2d 636 (Fla. 3d DCA 1983). We believe the evidence establishes FMCC’s right to recovery as a matter of law.
LETTS, J., and BOARDMAN, EDWARD, Associate Judge, concur.
ORDER
This court’s order of January 15, 1986, granting appellant’s attorney’s fees is hereby withdrawn; Appellant’s motion for attorney’s fees filed August 28, 1985 is denied.
ORDERED that Appellee’s February 28, 1986 motion for rehearing is denied.

. Section 818.01(1) provides:
Whoever shall pledge, mortgage, sell, or otherwise dispose of any personal property to him belonging, or which shall be in his possession, and which shall be subject to any written lien, or which shall be subject to any statutory lien, whether written or not, or which shall be subject to any written conditional sale contract under which the title is retained by the vendor, without the written consent of the person holding such lien, or retaining such title; and whoever shall remove or cause to be removed beyond the limits of the county where such lien was created or such conditional sale contract was entered into, any such property, without the consent aforesaid, shall hide, conceal or transfer, such property with intent to defeat, hinder or delay the enforcement of such lien, or the recovery of such property by the vendor, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

. Section 818.05(1) provides:
No person who is in possession of any personal property under and by virtue of any contract or conditional sale or otherwise where the title to said personal property does not vest in the possessor, shall sell, conceal or dispose of such personal property without first having the written consent of the person then having or retaining the bona fide title to such personal property so to sell, dispose of, or conceal the same.