Mr. Larry M. Haag County Attorney Citrus County 110 North Apopka Avenue Inverness, Florida 32650
Dear Mr. Haag:
You ask substantially the following:
 May a county provide for a misdemeanor penalty pursuant to s. 125.69, F.S., for violation of an animal control or cruelty ordinance enacted pursuant to Ch. 828, F.S.?
In sum, I am of the following opinion:
 A county may provide only civil penalties for the violation of an animal control or cruelty ordinance enacted pursuant to Ch. 828, F.S.
Section 828.27, F.S., authorizes the governing body of a county or municipality to enact ordinances relating to animal control or cruelty.[1] This section also establishes certain requirements for such ordinances, including:
 (a) That a violation of such an ordinance is a civil infraction.
(b) A maximum civil penalty not to exceed $500.
 (c) A civil penalty of less than the maximum civil penalty if the person who has committed the civil infraction does not contest the citation.
 (d) For the issuance of a citation by an officer who has probable cause to believe that a person has committed an act in violation of an ordinance.
(e) For the contesting of a citation in the county court.
 (f) Such procedures and provisions as are necessary to implement any ordinances enacted under the authority of this section.[2] (e.s.)
A county or municipality may enact an ordinance relating to animal control or cruelty which is identical to the provisions in Ch.828, F.S., or any state law, "except as to penalty."[3] Section828.27(4), F.S., provides, however, that "no county or municipal ordinance relating to animal control or cruelty shall conflict with the provisions of this chapter or any other state law." Section 828.27, F.S., expressly provides for a maximum civil penalty which may be imposed for violation of an animal control or cruelty ordinance. Furthermore, violation of such an ordinance is specifically characterized as a "civil infraction."[4] The only mention of a criminal penalty is in s. 828.27(3), F.S., which makes willful refusal to sign and accept a citation issued by an officer[5] a misdemeanor of the second degree punishable as provided by ss. 775.082, 775.083, or 775.084, F.S.
Section 775.08(2), F.S., defines "misdemeanor" as
 any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year. The term "misdemeanor" shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance. (e.s.)
Furthermore, the term "crime" includes only a felony or misdemeanor.[6] It would appear, therefore, that conviction for violation of an animal control or cruelty ordinance could not result in a criminal penalty, since the underlying offense is not criminal in nature.
A review of the legislative history of s. 828.27, F.S., reflects that the statute allows only a maximum civil penalty to be imposed for violation of an animal control or cruelty ordinance.[7]
Only if a person fails to accept or sign a citation for violating such an ordinance is he or she guilty of a misdemeanor pursuant to s. 828.27, F.S.[8]
While s. 125.69, F.S., provides general direction that violations of county ordinances shall be prosecuted in the same manner as misdemeanors are prosecuted, the provisions in s. 828.27, F.S., are specific to ordinances relating to animal control or cruelty and, therefore, would take precedence.[9]
Accordingly, I am of the opinion that a county may not impose misdemeanor penalties for violations of animal control or cruelty ordinances enacted pursuant to Ch. 828, F.S.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 828.27(1)(g), F.S., defines "[o]rdinance" for purposes of this section to mean "any ordinance relating to the control of or cruelty to animals enacted by the governing body of a county or municipality the violation of which is a civil infraction." (e.s.)
[2] Section 828.27(2), F.S.
[3] Section 828.27(4), F.S.
[4] Cf., s. 318.13(3), F.S., which defines "[i]nfraction" for purposes of that chapter to mean a noncriminal violation which is not punishable by incarceration.
[5] Section 828.27(1)(e), F.S., defines "[o]fficer" as used in that section as "any law enforcement officer defined in s. 943.10, any veterinarian defined in s. 474.202, or any animal control officer." "Animal control officer" is defined in s. 828.27(1)(b), F.S., as "any person employed or appointed by a county or municipality who is authorized to investigate, on public or private property, civil infractions relating to animal control or cruelty and to issue citations as provided in this section."
[6] See, s. 775.08(4), F.S., defining the term "crime" when used in the laws of this state.
[7] Criminal Justice Committee, Subcommittee on Law Enforcement, Committee Substitute for House Bill 346, April 23, 1986, Tape 1 of 1.
[8] Id.
[9] See, Littman v. Commercial Bank Trust Company, 425 So.2d 636
(3 D.C.A.Fla., 1983) (where statutory provisions are irreconcilable, generally, specific statutes on a subject take precedence over another statute covering the same subject in general terms).