TERRY W. GASKILL, Plaintiff-Appellee, v. ROBERT E. SANDERS DISPOSAL HAULING *et al.*, Defendants (R. Anthony Marrese, Claimant-Appellant).

Fifth District   No. 5—92—0844

Opinion filed August 25, 1993.

R. Anthony Marrese, of Edwardsville, appellant *pro se*.

Robert D. Larson, of Alton, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The issue on this appeal is whether the Physicians Lien Act (Act) (770 ILCS 80/0.01 *et seq.* (West 1992)) allows for the recovery of interest on the unpaid balance of rendered physician services. We hold that it does not.

Section 1 of the Act provides:

"Every licensed physician practicing in this State who renders services by way of treatment to injured persons, except services rendered under the provisions of the Workers' Compensation Act or the Workers' Occupational Diseases Act, shall have a lien upon all claims and causes of action for the amount of his reasonable charges up to the date of payment of such damages.

Provided, however, that the total amount of all liens hereunder shall not exceed ⅓ of the sum paid or due to the injured person on the claim or right of action, and provided further, that the lien shall in addition include a notice in writing containing the name and address of the injured person, the date of the injury, the name and address of the licensed physician practicing in this State, and the name of the party alleged to be liable to make compensation to such injured person for the injuries received, which notice shall be served on both the injured person and the party against whom such claim or right of action exists.

Notwithstanding any other provision of this Act, payment in good faith to any person other than the physician claiming or asserting such lien prior to the service of such notice of lien shall, to the extent of the payment so made, bar or prevent the creation of an enforceable lien.

Service shall be made by registered or certified mail or in person." 770 ILCS 80/1 (West 1992).

On May 7, 1992, a jury in the circuit court of Madison County returned a $149,222.25 verdict for plaintiff and against defendants. The trial court entered judgment on the verdict.

On June 4, 1992, plaintiff filed a petition to adjudicate the liens of the Department of Public Aid, Wood River Township Hospital, Dr. Bud Chomhirum, and Dr. R. Anthony Marrese.

On July 22, 1992, the defendants deposited $53,679.30 with the court. Of this amount, $50,000 was the insurance policy limits, and the remainder represented interest and costs.

On August 31, 1992, plaintiff's counsel represented that the lien of the Department of Public Aid, in excess of $29,000, had been compromised and settled for $12,000.

On September 1, 1992, Marrese filed a motion for "the court to approve payment of medical fees plus applicable charges for medical services rendered to Terry W. Gaskill." The motion alleged that plaintiff had agreed to pay, from the proceeds of any recovery, Marrese's medical charges and "a service charge" at a rate of 18% per year on the unpaid balance. The motion further alleged that total medical charges were $9,467 and the then-current balance, including "interest," was $18,354.65. Marrese contended that the court was holding $53,679.30, one-third of which, or $17,893.10, would be plaintiff's attorneys' share. After expenses of the suit were deducted, $34,903.70 would remain. $17,451.85 each would remain for the two classes of lien holders, physician and hospital.

The following was attached to the motion:

"AUTHORIZATION AND AGREEMENT TO
PAY PHYSICIAN

I, __Terry W. Gaskill,__ do hereby authorize and direct my attorney *** to promptly pay to R. Anthony Marrese, M.D., from my portion of the proceeds of any recovery resulting from injuries sustained in an occurrence on or about __March 25__, 19 86, the unpaid balance of any reasonable charges for professional services rendered together with interest at the rate of eighteen percent assessed upon any such unpaid balance for said services rendered on my behalf by the said Physician and/or his associates. Said payment is authorized and directed for treatment without regard to whether the said treatment has been rendered or will be rendered hereafter. I do further authorize and direct that additional payment be made from the said proceeds for any and all reasonable unpaid charges for medical reports, consultations, depositions, court appearances, and all other ser-

vices provided on my behalf by the said Physician and/or his associates.

I do understand and agree that this document and the contents hereof do not in any way relieve me of my personal responsibility for payment of all bills and carrying charges for services provided. I do further understand and agree that in the event that no recovery is received or in the event that any recovery is insufficient to satisfy any unpaid charges, I will immediately satisfy the said unpaid amounts in full.

I further direct said Physician to furnish said Attorney with any and all reports or records requested.

Dated:   5[-]23-86         /s/ Terry W. Gaskill
                                             Patient"

On November 20, 1992, the court found that the interest charges claimed by Marrese are not included or protected by the Physicians Lien Act. The court ordered that $9,467 be paid to Marrese. The court also allocated attorney fees, costs, and the remaining liens.

On appeal, Marrese contends, as he did in the trial court, that he is entitled to interest.

■ A lien is recognized to be a charge upon property, either real or personal, for the payment or discharge of a particular debt or duty in priority to the general debts or duties of the owner; an encumbrance upon property as security for the payment of a debt; or a hold or claim on another's property as security for the payment or performance of a debt, duty, or other obligation. (51 Am. Jur. 2d Liens §1 (1970).) Common law liens are dependent on possession (51 Am. Jur. 2d Liens §§1, 21 (1970)). The physician's lien is not dependent on possession. A common law or other possessory lien is merely the right to retain possession of certain property until the debt or claim secured thereby is satisfied. (53 C.J.S. *Liens* §§2, 30 (1987).) The physician's lien is not dependent on possession by the doctor; therefore, it cannot be considered a common law lien. A lien created by statute is limited in operation and extent by the terms of the statute. (51 Am. Jur. 2d Liens §38 (1970).) Also, the Physicians Lien Act is not dependent upon common law contract theory. (See *In re Estate of Enloe* (1982), 109 Ill. App. 3d 1089, 1090-91, 441 N.E.2d 868, 870.) A lien is a right, which the law gives, to have a debt satisfied out of a particular thing and affords a supplemental and additional remedy for the collection of debt. (51 Am. Jur. 2d Liens §2 (1970).) If no lien exists, a fund may

be dissipated before a creditor is able to prove his right to recover. (51 Am. Jur. 2d Liens §6 (1970).) On the other hand, a hospital, for example, which perfects its lien becomes a secured creditor under the laws of the State of Illinois. (See *Filker v. Honda Motor Co.* (1980), 87 Ill. App. 3d 865, 866, 409 N.E.2d 495, 496.) A discharge in bankruptcy, being personal to the bankrupt, does not act as a release of liens or security interests in property owed to him. (*Filker,* 87 Ill. App. 3d at 867, 409 N.E.2d at 496.) Therefore, there may be an advantage to proceeding under the Physicians Lien Act rather than on a contract action.

The legislature has the power, subject to constitutional limitations, to provide for liens to secure the payment of debts and other obligations, and legislative authority exists to create by statute a right of lien where no such right existed at common law. (51 Am. Jur. 2d Liens §36 (1970).) Lien laws are liberally construed to effect the purpose intended by the legislature. (51 Am. Jur. 2d Liens §11 (1970).) In the case of a hospital lien, statutes, which provide for "reasonable" charges for "hospital" services, are confined to charges relating to the injuries to the patient resulting from the conduct of the tortfeasor against the recovery from whom the hospital's lien is asserted. (J. Rydstrom, Annotation, *Construction, Operation, and Effect Of Statute Giving Hospital Lien Against Recovery From Tortfeasor Causing Patient's Injuries,* 25 A.L.R.3d 858, 877-79 (1969).) We hold that "reasonable charges" in the Physicians Lien Act are confined to charges relating to injuries to the patient resulting from the conduct of the tortfeasor from whom comes the recovery against which the doctor's lien is asserted; "reasonable charges" do not include interest on an unpaid balance.

Relying on *In re Marriage of Olbrecht* (1992), 232 Ill. App. 3d 358, 597 N.E.2d 635, Marrese argues that the appellate court upheld the trial court's finding that an attorney's contract with the client "did not provide for interest in excess of the legal limit, but rather for a late payment fee of 1% a month on outstanding balances." (*Olbrecht,* 232 Ill. App. 3d at 366, 597 N.E.2d at 641.) In *Olbrecht,* the husband was ordered to pay $6,000 of his wife's attorney fees. On appeal, the husband argued that the wife's contract with her attorney was void because it provided for interest in excess of the legally allowed interest rate. The trial court found that the contract provided for a late charge rather than interest. The appellate court noted that the wife was never assessed a late charge. In *Olbrecht,* the wife was proceeding on the basis of a contract with her attorney. The Attorneys Lien Act, which does not

provide for interest, was not involved. (See 770 ILCS 5/1 (West 1992).) Therefore, *Olbrecht* does not provide support for Marrese in this cause. ·

The General Assembly has enacted acts similar to the Physicians Lien Act, and none of them specifically provide for interest on an unpaid balance: the Clinical Psychologists Lien Act (770 ILCS 10/0.01 *et seq.* (West 1992)); the Dentists Lien Act (770 ILCS 20/ 0.01 *et seq.* (West 1992)); the Home Health Agency Lien Act (770 ILCS 25/1 *et seq.* (West 1992)); and the Hospital Lien Act (770 ILCS 35/0.01 *et seq.* (West 1992)). In contrast to the foregoing acts, the Mechanics Lien Act (770 ILCS 60/0.01 *et seq.* (West 1992)) provides for "interest at the rate of 10% per annum from the date [payment] is due." (770 ILCS 60/1 (West 1992); see also *Plepel v. Nied* (1982), 106 Ill. App. 3d 282, 290, 435 N.E.2d 1169, 1175.) In construing a statute, the court is obligated to ascertain and give effect to the intent of the legislature, and generally, the language of the statute itself is the best indicator of that intent. (*People v. Harrison* (1992), 225 Ill. App. 3d 1018, 1024, 588 N.E.2d 1256, 1259-60.) It is not the province of the courts to inject provisions not found in a statute. (*In re Objection of Cook* (1984), 122 Ill. App. 3d 1068, 1072, 462 N.E.2d 557, 561.) If the legislature had intended to allow recovery of "interest" or "service charges" on a patient's unpaid balance pursuant to the Physicians Lien Act, it certainly could have done so. See *Harrison*, 225 Ill. App. 3d at 1025, 588 N.E.2d at 1260.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CHAPMAN, P.J., and WELCH, J., concur.