639 So.2d 617 (1994)
FLANIGAN'S ENTERPRISES, INC., Petitioner,
v.
BARNETT BANK OF NAPLES, et al., Respondents.
No. 81563.
Supreme Court of Florida.
July 7, 1994.
Richard E. Whitaker, Orlando, for petitioner.
Tucker H. Byrd of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for respondents.
SHAW, Justice.
We have for review Flanigan's Enterprises, Inc. v. Barnett Bank, 614 So.2d 1198 (Fla. 5th DCA 1993), in which the district court acknowledged conflict with Ford Motor Credit Co. v. Hanus, 491 So.2d 570 (Fla. 4th DCA), review dismissed, 497 So.2d 1218 (Fla. 1986), and Littman v. Commercial Bank & Trust Co., 425 So.2d 636 (Fla. 3d DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Flanigan's operated a Big Daddy's Lounge on leased property in Orange County, Florida, until 1978 when it entered into a sublease agreement with Level 3 of Orlando. In conjunction with the sublease, Flanigan's sold to Level 3 a liquor license, furniture, fixtures, and equipment. The sublease granted Flanigan's a security interest in the liquor license, but Flanigan's did not record this interest. On April 8, 1983, Level 3 granted Barnett Bank a security interest in the liquor license as collateral for a loan, and Barnett recorded its interest with the Secretary of State and the Division of Alcoholic Beverages and Tobacco.
*618 In 1984, Level 3 ceased paying its rent to Flanigan's, defaulted on its loan from Barnett, and surrendered the liquor license to Barnett. Barnett entered into negotiations to sell the license to Hickory Point Industries. Jeffrey Kastner, the attorney for Flanigan's, called Joseph McMackin, Barnett's attorney, and asserted that Flanigan's had a security interest in the liquor license, but acknowledged that it had not been recorded. Kastner offered to buy the license for $95,000. McMackin passed Kastner's offer along to Barnett, which then sold the license for $105,000 to Hickory Point.
Flanigan's filed suit against Barnett asserting a landlord's lien on the liquor license for Level 3's past-due rent. See § 83.08, Fla. Stat. (1977). Flanigan's sought damages under section 818.01, Florida Statutes (1977), which prohibits sale of encumbered property without written consent of the lienholder. The trial court ruled that Flanigan's held a landlord's lien on the license, that section 818.01 was applicable, but that Flanigan's was estopped from asserting its claim.
The district court agreed that Flanigan's was estopped from asserting its landlord's lien because Kastner had failed to raise that claim with McMackin in their telephone conversation prior to sale of the license to Hickory Point. The court further ruled that Barnett was not liable under section 818.01 because that section's consent requirement was superseded by the Uniform Commercial Code's notice provision under section 679.504, Florida Statutes (1977). The court acknowledged conflict with Hanus and Littman, wherein the courts found liability under section 818.01.
We note that chapter 83, Florida Statutes (1977), sets out the rights of landlords and tenants and provides that landlords shall have a lien on tenant property for past-due rent:
83.08 Landlord's lien for rent.  Every person to whom rent may be due, his heirs, executors, administrators or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:
....
(2) Upon all other property of the lessee or his sublessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of the property on the premises leased.
§ 83.08, Fla. Stat. (1977).
Chapter 818, Florida Statutes (1977), governs the sale of mortgaged personal property and makes it a crime to dispose of personal property encumbered by a lien without the written consent of the lienholder:
818.01 Disposing of personal property under lien, etc.  Whoever shall pledge, mortgage, sell, or otherwise dispose of any personal property to him belonging, or which shall be in his possession, and which shall be subject to any written lien, or which shall be subject to any statutory lien, whether written or not, or which shall be the subject of any written conditional sale contract under which the title is retained by the vendor, without the written consent of the person holding such lien, or retaining such title; and whoever shall remove or cause to be removed beyond the limits of the county where such lien was created or such conditional sale contract was entered into, any such property, without the consent aforesaid, or shall hide, conceal or transfer, such property with intent to defeat, hinder or delay the enforcement of such lien, or the recovery of such property by the vendor, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 818.01, Florida Statutes (1977). Violation of this section has been held to give rise to a civil action for damages. Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678 (Fla. 3d DCA 1964).
The determinative question is whether Flanigan's held a landlord's lien on the liquor license. This Court recently addressed this issue in Walling Enterprises, Inc. v. Mathias, 636 So.2d 1294 (Fla. 1994), wherein we held that a liquor license is not "property" for section 83.08 purposes:
The district court erroneously assumed that a certificate of license displayed on a *619 vendor's premises is actually the liquor license. A liquor license is much more than the paper certificate that evidences issuance of the license. The license is the privilege to sell alcoholic beverages which has been conferred on the holder by the state. Although the liquor license pertains to a specific location, it is only the certificate of license and not the license itself that is physically located on the premises. Thus, a landlord's statutory lien for rent cannot attach to the license because it is not "property of the lessee ... usually kept on the premises." § 83.08(2), Fla. Stat. (1985).
Id. at 1297 (citation omitted).
Applying Walling to the present case, no landlord's lien ever attached to the liquor license and thus there was no disposition of encumbered property in violation of section 818.01.[1] The trial court erred in failing to grant Barnett's motion for summary judgment on Count 2 of the fourth amended complaint.
Because the district court below ruled in Barnett's favor, we approve the result in Flanigan's Enterprises. We decline, however, to adopt the district court's reasoning.[2] We remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON and KOGAN, JJ., McDONALD, Senior Justice and LARRY SMITH, Associate Justice, concur.
GRIMES, C.J., and HARDING, J., recused.
NOTES
[1] Flanigan's does not seek relief based on its unperfected security interest in the liquor license.
[2] As noted above, the district court based its decision on the theory of estoppel and on its belief that the UCC's notice provision contained in section 679.504, Florida Statutes (1977), preempts the consent requirement in section 818.01, Florida Statutes (1977). We point out that the estoppel issue is now moot because of Walling, and that chapter 679 by its own terms does not apply to landlords' liens. See § 679.104, Fla. Stat. (1977). The cases identified by the district court as being in conflict with its ruling are distinguishable, and we find no actual conflict.