5-02-0451, Wilson v. F.B. McAfoos & Co.

(text box: 1) NO. 5-02-0451

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

SHELLEY WILSON, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Williamson County.

) 

v. )  No. 99-L-135

)

F.B. McAFOOS & COMPANY and )

JAMES ADAMS, )

)

Defendants )

)  Honorable

(American Health Care Financial Services, )  Ronald R. Eckiss,

Intervenor-Appellant).   )  Judge, presiding.

__________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

On July 8, 1998, a vehicle driven by Shelley Wilson (the plaintiff) was struck in the rear by a vehicle driven by James Adams, an employee of F.B. McAfoos & Company.  On September 15, 1999, the plaintiff filed suit in the circuit court of Williamson County against Adams and his employer to recover for personal injuries she suffered in the accident.  This lawsuit was settled for the sum of $18,000, and on May 25, 2001, a stipulation for a dismissal with prejudice was filed in the circuit court of Williamson County.

The plaintiff had sought chiropractic care for her injuries from Dr. Todd Hamilton, who had billed the plaintiff $12,995 for that treatment.  The plaintiff's automobile insurer had already paid Dr. Hamilton $3,000.  On May 22, 2001, prior to the dismissal of the underlying lawsuit, the plaintiff filed a petition to adjudicate Dr. Hamilton's statutory physician's lien on the proceeds of the lawsuit.  This petition to adjudicate the lien was served on American Health Care Financial Services (the intervenor), which had notified the plaintiff that it had purchased the first $5,000 of the plaintiff's outstanding account from Dr. Hamilton and had requested the payment of that $5,000 from the plaintiff.  Dr. Hamilton had died in the meantime.

In her petition to adjudicate the lien, the plaintiff asserted that the intervenor could not be an assignee of the statutory physician's lien and that Dr. Hamilton's charges were excessive, unreasonable, and unrelated to the injuries incurred in the motor vehicle accident.  The petition prayed that the court adjudicate Dr. Hamilton's medical bill and lien to be zero.

On July 3, 2001, the intervenor filed a petition to intervene in this cause, which was granted by the circuit court of Williamson County on July 23, 2001.  The intervenor also filed a response to the plaintiff's petition to adjudicate the lien.  The response included counterclaims against the plaintiff for breach of contract and equitable estoppel.  The breach of contract claim was founded upon a contract entered into between the plaintiff and Dr. Hamilton in which the plaintiff (1) agreed to assign to Dr. Hamilton the direct payment of any sum received in the underlying lawsuit or from any insurance company for the injuries incurred in the accident, (2) granted to Dr. Hamilton a lien against any proceeds of the underlying lawsuit, and (3) agreed that she was personally liable for any amounts owed which were not collected from third parties.  The equitable estoppel claim was based on the intervenor's allegations that the plaintiff, acting through her attorney, had induced the intervenor to purchase Dr. Hamilton's account receivable relating to the plaintiff by telling the intervenor that there was clear liability, that the plaintiff had been injured to a sufficient extent to justify the chiropractor's bills, and that Dr. Hamilton did not overcharge for his services.  According to the intervenor, the plaintiff should now be estopped from claiming that Dr. Hamilton's bill is excessive, unreasonable, or unrelated to the motor vehicle accident or that the account could not be assigned.

On December 10, 2001, the intervenor filed a motion pursuant to Illinois Supreme Court Rule 219 (166 Ill. 2d R. 219) to compel the plaintiff's deposition and to compel her to pay reasonable expenses relating to her failure to appear for her previously scheduled deposition.  On the same date, the intervenor filed a motion pursuant to Supreme Court Rule 219 to compel the plaintiff's attorney to answer certain questions propounded to him at his previous deposition relating to an accounting of the settlement proceeds received in the underlying lawsuit and the disbursement of those funds.  The motion also sought to compel him to pay associated expenses.  

On April 3, 2002, the plaintiff filed a motion for a summary judgment declaring that the intervenor is not entitled to a lien on the settlement proceeds from the underlying lawsuit because a physician's lien is not assignable as a matter of law.  The intervenor opposed this motion for a summary judgment and, on April 10, 2002, filed its own motion for a summary judgment.  This motion sought the following relief:  

"1.)  a partial summary judgment that [the plaintiff] is liable to [the intervenor] for breaching her contract to pay Dr. Hamilton's outstanding bill for chiropractic treatment provided her out of the settlement proceeds she received from the defendants in this case;

2.)  a partial summary judgment that [the plaintiff] is liable to [the intervenor] pursuant to the Physician's [
sic
] Lien Act for the first $5,000 of Dr. Hamilton's bill or alternatively that [the plaintiff] is liable to [the intervenor] pursuant to the Physician's [
sic
] Lien Act for the amount of Dr. Hamilton's charges the court determines are reasonable and do not, in conjunction with other liens, exceed one third (1/3) of the sum paid her in settlement of her personal injury action by the defendants;

3.)  a partial summary judgment that [the plaintiff] is liable to [the intervenor] for payment of the first $5,000 of Dr. Hamilton's health care account receivable from the settlement proceeds of her case pursuant to the equitable lien created by the contract between Dr. Hamilton and [the plaintiff]."  

On June 11, 2002, the circuit court of Williamson County entered its order, which we set forth in its entirety:

"Several pending motions are under advisement–The Court rules as follows:

The resolution of the summary judgment motions will resolve most of the pending issues in this case.  [The intervenor] seeks to enforce a physician lien in the name of Dr. Hamilton, based upon the purchase of part of Dr. Hamilton's accounts receivable.  The debts owed to Dr. Hamilton may be purchased by a third party–and that 3rd party–[the intervenor]–may attempt collection of any sums they have purchased.  Doctor's [
sic
] bills are assignable.

A doctor's physician lien is a creature of statute[] that was not recognized under common law.  As such the physician lien statute must be read restrictively.  777 [
sic
] ILCS 80/0.01 
et seq.

Nothing in that act[]specifically grants to a subsequent 3rd party–such as [the intervenor]–the right to purchase and enforce a doctor's lien from the proceeds of the settlement of the patient's underlying cause of action against a negligent 3rd party.

If the legislature wanted to provide this protection under the Act–the legislature could have done so.

As such[,] this court finds [the intervenor] does have the right to attempt to collect from [the plaintiff] that portion of the debt owed to Dr. Hamilton–that [the intervenor] purchased from Dr. Hamilton–
and
 [the intervenor] does not have any right to enforce a physician lien in the proceeds of settlement received by [the plaintiff] from the defendants–F.B. McAfoos & Co. and James Adams–in this case [No.] 99-L-135.

As such[,] the motion for summary judgment filed by [the intervenor] on April 10, 2002[,] is denied.

The summary judgment motion filed by plaintiff on April 3, 2002[,] is granted to the extent that this court finds physician liens are not assignable as a matter of law.

This renders the depositions of [the plaintiff] and [the plaintiff's attorney] to be moot, so each motion to compel is therefore denied in this action.

There is no just reason for delaying appeal of these matters pursuant to Supreme Court Rule 304 [(155 Ill. 2d R. 304)]."  (Emphasis added.)  

The intervenor appeals.

The first issue raised on appeal is whether the trial court erred in holding that liens under the Physicians Lien Act (the Act) (770 ILCS 80/0.01 (West 2002)) are not assignable as a matter of law.  The propriety of the remainder of the trial court's order hinges upon the answer to this question.  Because this issue involves the interpretation of a statute and the interpretation of a statute is a question of law, we review the issue 
de novo
.  
Branson v. Department of Revenue
, 168 Ill. 2d 247, 254 (1995).

For a physician who renders treatment to an injured person, the Act provides the physician with a lien upon all claims and causes of action of that injured person for the amount of the physician's reasonable charges up to the date of the payment of damages.  770 ILCS 80/1 (West 2002).  The Act imposes certain requirements on the physician seeking to impose a lien: give notice of the lien to the injured person and the party against whom a claim or right of action exists (770 ILCS 80/1 (West 2002)), allow access to the physician's records relating to the injured person for any party who might be liable for damages in a pending court action (770 ILCS 80/3 (West 2002)) or against whom a claim may be asserted (770 ILCS 80/4 (West 2002)), and upon the request of a party to a court action for damages or a party against whom a claim may be asserted, furnish a written statement relating to the injuries and treatment and the patient's history (770 ILCS 80/3, 4 (West 2002)).  The failure to fulfill these requirements results in the lien becoming null and void.  770 ILCS 80/5 (West 2002).  

A physician's lien did not exist at common law but is a creature of statute.  
Gaskill v. Robert E. Sanders Disposal Hauling
, 249 Ill. App. 3d 673, 676 (1993).  A lien created by statute is limited in operation and extent by the terms of the statute.  
Gaskill
, 249 Ill. App. 3d at 676; 
Meier v. Olivero
, 279 Ill. App. 3d 630, 632-33 (1996).  Nevertheless, lien laws are liberally construed to effect the purpose intended by the legislature.  
Gaskill
, 249 Ill. App. 3d at 677; 
Meier
, 279 Ill. App. 3d at 632-33.  

We note that the Act does not provide for the assignment of the lien or of the concomitant duties of the physician seeking to impose the lien.  We also note that the legislature has enacted numerous statutes, similar to the Act, that provide for liens against the recovery of damages for personal injuries, in favor of those providing services to the injured person: the Clinical Psychologists Lien Act (770 ILCS 10/0.01 
et seq.
 (West 2002)), the Dentists Lien Act (770 ILCS 20/0.01 
et seq.
 (West 2002)), the Home Health Agency Lien Act (770 ILCS 25/1 
et seq.
 (West 2002)), the Hospital Lien Act (770 ILCS 35/0.01 
et seq.
 (West 2002)), the Optometrists Lien Act (770 ILCS 72/1 
et seq.
 (West 2002)), the Physical Therapist Lien Act (770 ILCS 75/1 
et seq.
 (West 2002)), and the Emergency Medical Services Personnel Lien Act (770 ILCS 22/1 
et seq.
 (West 2002)).  None of these statutes provide for the assignability of these liens.  On the other hand, the legislature has seen fit to provide for the assignability of other sorts of statutory liens.  For example, the Mechanics Lien Act expressly provides that all liens thereunder shall be assignable and that all actions to enforce liens thereunder may be maintained by and in the name of the assignee.  770 ILCS 60/8 (West 2002).  The Oil and Gas Lien Act of 1989 also expressly provides for the assignability of liens thereunder and the enforcement by the assignee.  770 ILCS 70/20 (West 2002).  The Self-Service Storage Facility Act also expressly provides that the lien allowed thereunder is assignable.  770 ILCS 95/3 (West 2002).  

We conclude that where the legislature has intended that a statutory lien be assignable, it has so provided in the statute itself.  We further conclude that where the legislature does not provide for the assignability of a statutory lien, it does not intend for that lien to be assignable.  

In construing a statute, the court is obligated to ascertain and to give effect to the intent of the legislature, and generally, the language of the statute itself is the best indicator of that intent.  
Gaskill
, 249 Ill. App. 3d at 678.  It is not the province of the courts to inject provisions not found in a statute.  
Gaskill
, 249 Ill. App. 3d at 678.  If the legislature had intended for a physician's lien to be assignable, it could have, and would have, so provided in the Act.  It did not.  Accordingly, we conclude that a lien under the Act is not assignable and cannot be enforced by a purported assignee. 

The intervenor argues that this construction of the Act ignores the public policy behind the Act, which is to lessen the financial burden on those who treat nonpaying accident victims.  See 
Cirrincione v. Johnson
, 184 Ill. 2d 109, 114 (1998).  The intervenor points to two cases which held that statutory liens were assignable in the absence of any statutory provision specifically allowing or prohibiting an assignment: 
Gonzalez v. Evanston Fuel & Material Co.
, 265 Ill. App. 3d 520, 523 (1994)
, and 
Claudy v. Commonwealth Edison Co.
, 255 Ill. App. 3d 714, 722 (1993), 
rev'd on other grounds
, 169 Ill. 2d 39 (1995).  We find these cases to be inapposite.  

Gonzalez
, 265 Ill. App. 3d at 523, held that section 21 of the Workers' Compensation Act (820 ILCS 305/21 (West 2002)), which prohibits the assignment of the 
employee's award
, does not prohibit the assignment of the 
employer's lien
 on any compensation paid to the plaintiff by a third-party tortfeasor liable in damages for the same injury.  The court held that section 21 does not relate to whether an employer's lien is assignable but only prohibits the assignment of a " 'payment, claim, award[,] or decision' " to the employee.  
Gonzalez
, 265 Ill. App. 3d at 523 (quoting 820 ILCS 305/21 (West 1992)).  An employer's lien does not fall into this category.  Because the Workers' Compensation Act was intended to protect the employee and because the employer's assignment of its lien does not affect the employee's recovery from a third-party tortfeasor, there is no rationale for prohibiting the assignment of the employer's lien.

Claudy
, 255 Ill. App. 3d at 722, held that a cause of action for contribution under the Joint Tortfeasor Contribution Act (now 740 ILCS 100/0.01 
et seq.
 (West 2002)) is assignable even though the statute neither allows it nor prohibits it.  The court held that allowing the assignment of an action for contribution does not violate the rule barring the assignment of actions for personal injuries because the same public policy arguments do not apply.

The intervenor argues that these cases make it clear that the determining factor in resolving whether statutory rights can be assigned is not whether the statute explicitly allows such assignments but whether the assignments are consistent with statutory language and public policy.  We disagree.  When a court interprets a statute, the primary rule, to which all other rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature.  
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990).  We have ascertained that the true intent and meaning of the Act is not to allow the assignment of liens thereunder.  Accordingly, we reject the intervenor's argument.  

The circuit court of Williamson County did not err in holding that liens under the Act are not assignable as a matter of law or in granting the plaintiff's summary judgment on this question.  

The intervenor also appeals from the denial of its motion for a summary judgment on its breach of contract and equitable lien claims and the denial of its motions to compel the plaintiff and her attorney to comply with certain discovery requests.  In light of the trial court's ruling respecting the assignability of liens under the Act, the trial court had no choice but to deny these motions of the intervenor.  After a finding that Dr. Hamilton's lien could not have been effectively assigned to the intervenor and that the intervenor had no legal right to enforce that lien, any claims of the intervenor relating to that lien fail.  As the trial court pointed out in its order, while the intervenor had a right to sue the plaintiff in a separate action to recover the debt, whether in breach of contract or otherwise, the intervenor had no right to participate in proceedings to adjudicate the lien.  The petition to adjudicate the lien was the only action before the trial court.  Accordingly, the trial court did not err in denying the intervenor's motions for a summary judgment and to compel discovery in the proceeding to adjudicate the lien.

For the foregoing reasons, the judgment of the circuit court of Williamson County is hereby affirmed, and this cause is remanded to that court for further proceedings on the petition to adjudicate the lien.

Affirmed; cause remanded.

HOPKINS, P.J., and CHAPMAN, J., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 11/19/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.